UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PALMER HEENAN, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et. al.,<br><br>Defendants. | Civil Action No. 25-3343 (RC) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO COURT ORDER**

Defendants, the U.S. Department of Housing and Urban Development ("HUD") and Scott Turner, in his official capacity as Secretary of HUD, by and through undersigned counsel, respectfully submit this Supplemental Memorandum in Response to the Court's Order dated August 21, 2026. By that Order, the Court directed the parties to file supplemental briefing on whether the Fair Housing Act ("FHA" or "the Act") provides a private right of action against the United States or its agencies.

As detailed below, it does not. The Act creates no cause of action against the federal government, and it nowhere waives the United States' sovereign immunity in the unequivocal terms the law requires. Therefore, Plaintiffs' claims against HUD and the Secretary in his official capacity fail for this additional and independent reason.

**ARGUMENT**

The FHA's private-enforcement provision permits an "aggrieved person" to bring a civil action, but it does not specify the defendants whom that action may be brought against. 42 U.S.C.§ 3613(a). The term "aggrieved person," however, is used in another section of the Act in a manner that indicates that the Act does not contemplate a civil action under section 3613(a) against the federal government. Specifically, section 3610(a)(1)(A)(i) provides that an "aggrieved person" may file a complaint with the Secretary alleging a discriminatory housing practice. In context, therefore, section 3613(a) provides an alternative avenue for an "aggrieved person" to seek such relief—through a court proceeding—and "whether or not a complaint has been filed under section 3610(a) of this title and without regard to the status of any such complaint." *See id.* § 3610(a)(2). The period for filing suit in section 3613, moreover, is largely centered around the status of an administrative proceeding into any alleged discriminatory housing practice, further indicating that the contemplated civil action would not be directed against the agency itself. *See id.* ¶ 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last[.]"); *id*. § 3613(a)(1)(B) ("The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice.").

The Act elsewhere recognizes that enforcement is channeled against a "respondent," which it defines as a "person or other entity accused in a complaint of an unfair housing practice." *Id.* § 3602(n)(1). The Act defines "person," in turn, to "include[] one or more individuals, corporations,

partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, receivers, and fiduciaries." *Id.* § 3602(d). Every listed category is a private or nonfederal actor, and the United States and its agencies appear nowhere among them.

That absence is telling. When a statute defines the covered class in those terms, a longstanding presumption holds that "person" does not include the sovereign unless Congress affirmatively says so. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780-81 (2000); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Congress said no such thing here. Nothing in the FHA's definitions extends "person," or the "respondent" it defines, to the United States or its agencies.

The residual phrase "other entity" does not fill the gap. Under the ordinary canon that a general term following a specific enumeration takes its meaning from the specific terms, "other entity" reaches private and nonfederal actors of the kind the statute already lists; it does not silently pull in the United States. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115 (2001) ("[W]here, . . . a more general term follows more specific terms in a list, the general term is usually understood to embrace only objects similar in nature to those objects enumerated by the preceding specific words."). Although the definition of "person" is not exhaustive, the analysis does not change: a list composed entirely of private and nonfederal actors shows the kind of entity Congress intended to reach, and the word "includes" is not the unequivocal expression required to extend the term to the sovereign. Moreover, a vague catch-all is the antithesis of the clear statement needed to subject a federal agency to suit.

The Act's structure confirms that Congress designated the federal government as an enforcer of fair-housing rights, not a respondent. By definition, a "respondent" is one "accused in

a complaint" under the very administrative process the Secretary administers. *Id.* § 3602(n)(1); *see id.* §3610. That same process charges the Secretary with receiving, investigation, and prosecuting complaints of discriminatory housing practices, *see id.* § 3610, and a related provision authorizes the Attorney General to bring civil actions to enforce the Act, *see id.* § 3614. Throughout, the federal government appears as the party that enforces the FHA, not as one subject to suit under it. Having assigned the government that enforcement role, Congress did not, silently nor by implication, also make the United States a defendant that private plaintiffs may sue under the same Act.

For similar reasons, courts have found no waiver of sovereign immunity under the FHA. *See Greater New Orleans Fair Housing Action Center v. HUD*, 723 F. Supp. 2d 14, 24-25 (D.D.C. 2010); *see also Michel-Wiggins v. HUD,* Civ. A. No. 23-3398 (JMC), 2025 U.S. Dist. LEXIS 189424, at *9 (D.D.C. Sept. 23, 2025); *Gregory v. South Carolina Department of Transportation*, 289 F. Supp. 2d 721, 725-26 (D.S.C. 2003). Absent an express waiver, sovereign immunity shields the federal government from suit. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver must be "unequivocally expressed in statutory text" and "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also Dep't of Army v. Blue Fox, Inc.* 525 U.S. 255, 261 (1999); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32-34 (1992). A waiver cannot be implied. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). Plaintiffs bear the burden of establishing that the United States has waived its immunity. *Tri-State Hospital Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

The FHA contains no such waiver. As held in *Boyd v. Browner*, the FHA does not "unambiguously waive the government's sovereign immunity defense." 897 F. Supp. 590, 595 (D.D.C. 1995). The same result was reached in *Zhu v. Gonzales*, where the Court held that "the

Fair Housing Act does not waive sovereign immunity to permit suits against the federal government," and then dismissed the plaintiff's FHA claim against a federal defendant for lack of jurisdiction. 2006 U.S. Dist. LEXIS 26903, at *16 (D.D.C. May 8, 2006).

The same rationale would preclude plaintiff from arguing that the FHA contains an implied private right of action against the federal government. The D.C. Circuit has indicated as much. In *Godwin v. Secretary of HUD*, the court observed that "it is difficult to understand why a court would ever hold that Congress, in enacting a statute that creates federal obligations, has implicitly created a private right of action against the federal government, [as] there is hardly ever any need for Congress to do so," because agency action is ordinarily reviewable under the Administrative Procedure Act. 356 F.3d 310, 312 (D.C. Cir. 2004) (per curium) (quoting *NAACP v. Secretary of HUD*, 817 F.2d 149, 152 (1st Cir. 1987)); *see also Latinos Unidos de Chelsea en Accion v. Secretary of HUD*, 799 F.2d 774, 791-93 (1st Cir. 1986).

Although *Godwin* involved a challenge to the Secretary's refusal to issue a discrimination charge, the Court's observation remains apt here. A plaintiff seeking to establish an implied private right of action "bears a relatively heavy burden of demonstrating that Congress affirmatively or specifically contemplated private enforcement when it passed the relevant statute." *Samuels v. District of Columbia*,770 F.2d 184, 194 (D.C. Cir. 1985). The inquiry turns on congressional intent: whether the statute manifests an intent to create both a private right and a private remedy. *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). Absent that intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* The FHA reflects no intent to create such a remedy against the United States or its agencies. Indeed, courts in this district have applied the same principles in declining to find an implied private right of action under other provisions of the

FHA. *See National Trust for Historic Preservation v. Blank*, 938 F. Supp. 908, 915 (D.D.C. 1996) (relying on *NAACP* and observing that when Congress means to permit review of federal action outside the APA, "Congress will say so explicitly in the statute").

Ultimately, the avenue for testing whether the agency has complied with its obligations under the FHA, if one exists, is through the Administrative Procedure Act, not a freestanding FHA suit. Plaintiffs plead no APA claim; rather Plaintiffs assert that they bring their "claim pursuant to 42 U.S.C. § 3613(a)(1)(A)." *See* Compl. ¶¶ 127. Because the FHA supplies no cause of action against the United States nor its agencies, nor has sovereign immunity for a claim against the federal government been expressly waived, that claim should be dismissed.

**CONCLUSION**

For the reasons set forth above, as well as those detailed in Defendants' Motion to Dismiss, Defendants respectfully request that the Court dismiss this action

Dated: September 11, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Jeremy S. Simon*
Jeremy S. Simon, D.C. Bar 447956
Derrick A. Petit, D.C. Bar 144466 Assistant
United States Attorneys
601 D Street, NW Washington, DC 20530
202-252-252

*Attorneys for the United States of America*