UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PALMER HEENAN, et. al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et. al.,

Defendants.

Civil Action No. 25-3343 (RC)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**<u>TO FILE THEIR FIRST AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

Table of Contents ..... i

Table of Authorities ..... ii

Background ..... 1

Legal Standards ..... 1

Argument ..... 2

I. The Court's September 28, 2026 Order was a Final Judgment ..... 2

II. Plaintiffs' Motion is Improper and Untimely ..... 3

III. Plaintiffs' Motion to Amend their Complaint Should Be Denied Because Allowing the Further Amendment Would Be Futile ..... 5

IV. Plaintiffs' Motion to Amend their Complaint Should Be Denied Due to Undue Delay ..... 7

Conclusion ..... 8

# TABLE OF AUTHORITIES

## Cases

*Abulhawa v. United States Dep't of the Treasury*,
239 F. Supp. 3d 24 (D.D.C. 2017) ..... 6

*Bronner* on Behalf of Am. Stud. Ass'n *v. Duggan*,
962 F.3d 596 (D.C. Cir. 2020) ..... 2

*Ciralsky v. C.I.A.*,
355 F.3d 661 (D.C. Cir. 2004) ..... 3

*Confederate Mem'l Ass'n, Inc. v. Hines*,
995 F.2d 295 (D.C. Cir. 1993) ..... 5

*Darby v. Shulkin*,
321 F.R.D. 10 (D.D.C. 2017) ..... 4

*Daugherty v. Sheer*,
Civ. A. No. 22-5103, 2023 WL 6380539 (D.C. Cir. Oct. 2, 2023) ..... 7

*Ecological Rts. Found. v. U.S. Env't Prot. Agency*,
541 F. Supp. 3d 34 (D.D.C. 2021) ..... 4

*Havens v. Mabus*,
759 F.3d 91 (D.C. Cir. 2014) ..... 2

*Heenan, et al., v. U.S. Department of Housing and Urban Development, et al.* ("*Heenan I*")
Civ. A. No. 25-3343 (RC), 2026 WL 2906408 (D.D.C. Sept. 28, 2026) ..... 2, 4, 5, 6, 7

*Hubbard v. U.S. E.P.A., Administrator*,
809 F.2d 1 (D.C. Cir. 1986) ..... 5

*James Madison Ltd. by Hecht v. Ludwig*,
82 F.3d 1085 (D.C. Cir. 1996) ..... 5

*McGee v. D.C.*,
646 F. Supp. 2d 115 (D.D.C. 2009) ..... 5

*McIntyre v. Fulwood*,
892 F. Supp. 2d 209 (D.D.C. 2012) ..... 2-3

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*,
247 F. Supp. 3d 76 (D.D.C. 2017) ..... 4

*Peek v. SunTrust Bank*,
313 F. Supp. 3d 201 (D.D.C. 2018) ..... 2

*Perry v. Int'l Brotherhood of Teamsters*,
247 F. Supp. 3d 1 (D.D.C. 2017) ..... 2

*Rollins v. Wackenhut Servs., Inc.*,

703 F.3d 122 (D.C. Cir. 2012) .......... 2

*Samuel v. Metro. Police Dep't*,
258 F. Supp. 3d 27 (D.D.C. 2017) .......... 7

*Strumsky v. Washington Post Co.*,
922 F. Supp. 2d 96 (D.D.C. 2013) .......... 2

**Statutes, Rules, and Procedures**

42 U.S.C § 3617 .......... 1

Fed. R. Civ. P. 12 .......... 2

Fed. R. Civ. P. 15 .......... 1

Fed. R. Civ. P. 41 .......... 2, 3

Fed. R. Civ. P. 59 .......... 53, 4, 5

Defendants, U.S. Department of Housing and Urban Development ("HUD") and Scott Turner, in his official capacity as Secretary of HUD, respectfully file this opposition to Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 18) ("Am. Mot."). For the reasons explained below, the Court should deny Plaintiff's motion.

**BACKGROUND**

Plaintiffs, attorneys within HUD's Office of General Counsel, filed this action on September 22, 2025. *See* Compl. (ECF No. 1) ¶¶ 8-12. As part of their Complaint, Plaintiffs alleged that they were transferred out of HUD's Office of Fair Housing [("OFH")] because of the work they did enforcing the Fair Housing Act ("FHA"), in violation of the FHA's interference provision. *See id*. ¶ 6.

On September 28, 2026, after one round of briefing and supplemental briefing, the Court entered its judgment, finding that Plaintiffs' Complaint had not "plausibly allege[d] that the Government reassigned Plaintiffs to retaliate, in part, against them for engaging in protected activity, as [42 U.S.C.] § 3617 requires at a minimum. *See Heenan, et al., v. U.S. Department of Housing and Urban Development ("HUD"), et al.*, Civ. A. No. 25-3343 (RC), 2026 WL 2906408, at *13 (D.D.C. Sept. 28, 2026) ("*Heenan I*").

Thereafter, Plaintiffs filed their Motion for Leave to File a First Amended Complaint on October 30, 2026. *See* Am. Mot.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(a) provides for amendment of pleadings as a matter of course within 21 days of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend only with the defendant's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2).

## ARGUMENT

### I. The Court's September 28, 2026 Order was a Final Judgment

When "a district court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, that dismissal operates as an adjudication on the merits under Rule 41(b) unless the dismissal order states otherwise." *Bronner on Behalf of Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 612 n.11 (D.C. Cir. 2020) (quoting *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (citation modified)); *see also Peek v. SunTrust Bank*, 313 F. Supp. 3d 201, 206 (D.D.C. 2018). "[A]n 'adjudication upon the merits' under Rule 41(b) is synonymous with a dismissal with prejudice and 'the opposite of a dismissal without prejudice.'" *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). As a result, "a district court order that dismisses a case under Rule 12(b)(6) without stating whether it is with or without prejudice operates as a dismissal with prejudice." *Rollins,* 703 F.3d at 132; *see also Perry v. Int'l Brotherhood of Teamsters*, 247 F. Supp. 3d 1, 9 (D.D.C. 2017) ("[D]ismissals of a complaint for failure to state a claim are, by default, adjudications on the merits and with prejudice . . ."); *Strumsky v. Washington Post Co.*, 922 F. Supp. 2d 96, 106 (D.D.C. 2013) ("[A] 12(b)(6) dismissal is with prejudice unless the court states otherwise.").

The Court's September 28, 2026 Order was a final judgment on the merits because it adjudicated all of Plaintiffs' claims, dismissed the Complaint, and the case was closed. *See generally, Heenan I*, 2026 WL 2906408; *see also McIntyre v. Fulwood*, 892 F. Supp. 2d 209, 215 (D.D.C. 2012) (quoting *Sheppard v. Dist. of Columbia*, 791 F.Supp.2d 1, 5 (D.D.C.2011) ("A judgment on the merits is one that 'reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.'") (citation modified). Further, the Court "granted defendants' motion to dismiss, which had sought dismissal

of the "action." *Wilcox v. Georgetown Univ.*, 987 F.3d 143, 147–48 (D.C. Cir. 2021); see also Defs.' Proposed Order (ECF No. 10-1). Thus, pursuant to Rule 41(b), because the Court did not specify whether the case was closed with or without prejudice, it is presumed the case was closed with prejudice. *See Havens*, 759 F.3d at 98; *see also Perez v. Kipp DC Supporting Corp.*, 70 F.4th 570, 571 (D.C. Cir. 2023) (finding that a judgment was not final after the court issued its order disposing of the case, because the court specifically stated "dismissed without prejudice") (citation modified). Further,

Hence, Plaintiffs' Complaint cannot be amended unless Plaintiffs first satisfy the stringent standards of Rule 59(e), which Plaintiffs do not attempt to do.

## II. Plaintiffs' Motion is Improper and Untimely

"Once the District Court grant[s a party's] motions to dismiss, [the opposing party can] amend the complaint 'only by leave of court or by written consent of the adverse party,' . . . ***coupled with a motion under Rule 59(e) to alter or amend the judgment.***" *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (Citing Fed. R. Civ. P. 15(a) (citation modified); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) ("once a final judgment has been entered, a court cannot permit an amendment [to a complaint] unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.") (citation modified); *Nextel Spectrum Acquisition Corp. v. Hisp. Info. & Telecommunications Network, Inc.*, 571 F. Supp. 2d 59, 62 (D.D.C. 2008) (same). Plaintiffs have not even attempted to meet their burden.

First, Plaintiffs failed to file the required Rule 59(e) motion to accompany their motion for leave to amend. Because Plaintiffs have not provided reasons for why the Court's judgment should be set aside, Plaintiffs' motion to be amend should be denied. *See Ciralsky*, 355 F.3d at 673 ("Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that [the plaintiff's] motion to amend under Rule 15(a) was moot.").

Second, even if Plaintiffs had filed the required Rule 59(e) motion, the motion would be untimely. Rule 59(e) requires that a party seeking "to alter or amend a judgment [file a motion] within 28 days after the entry of the judgment." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 92 (D.D.C. 2017) (RC) (citing Rule 59(e)). Here, the Court issued its judgment on September 28, 2026. *See generally*, *Heenan I*, 2026 WL 2906408. The deadline to file a motion to alter or amend the Court's judgment was October 26, 2026. Plaintiffs filed their motion on October 30, 2026, four days after the deadline, making the motion untimely. See *Darby v. Shulkin*, 321 F.R.D. 10, 11 n.5 (D.D.C. 2017) (citing *Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C. Cir. 1986) ) (finding that a plaintiff could not seek relief "under Federal Rule of Civil Procedure 59(e) because such motions must be strictly filed within 28 days of the entry of judgment.").

Third, even if Plaintiffs had timely filed the required companion Rule 59(e) motion with their Motion for Leave to Amend, Plaintiffs' motion would still fail because they have not met their "burden of establishing 'extraordinary circumstances' warranting relief from judgment." *Paleteria La Michoacana*, 247 F. Supp. 3d at 92 (citing *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001)). "The law is well-settled that a motion for reconsideration 'is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ecological Rts. Found. v. U.S. Env't Prot. Agency*, 541 F. Supp. 3d 34, 45 (D.D.C. 2021) (quoting *Pigford v. Perdue*, 950 F.3d 886, 891 (D.C. Cir. 2020)). Plaintiffs do not point to any changes in the law, new evidence, clear error in the Court's original opinion, or how the Court's judgement created a manifest injustice.

Accordingly, in view that the Court issued its judgment on September 28, 2026, the Court should deny Plaintiffs' motion for failing to include a timely Rule 59(e) motion or providing any information to meet their burden of establishing their need for such an extraordinary remedy.

### III. Plaintiffs' Motion to Amend their Complaint Should Be Denied Because Allowing the Further Amendment Would Be Futile

"Although leave to amend a complaint is freely given, a motion to amend is reasonably denied if an amendment would be futile. *See, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *McGee v. D.C.*, 646 F. Supp. 2d 115, 119 (D.D.C. 2009) (citation modified).

In their motion, Plaintiffs opine that the Court "held that Plaintiffs needed to provide more factual support for the inference that 'their reassignments were motivated, at least in part, by a desire to retaliate against Plaintiffs for engaging in protected activity, rather than simply reflecting agency decisions concerning the reallocation or reorganization of its FHA enforcement work.'" Pls.' Mot. at 5 (citing *Heenan I*, 2026 WL 2906408, at *12).[1] Plaintiffs then argue that their Proposed Amended Complaint provides "more factual support." *Id.* However, Plaintiffs' proposed Amended Complaint is futile because of what they do not and cannot allege.

[1] As part of the Futility Section of Plaintiffs' motion, Plaintiff appears to take issue with the Court's use of *Hubbard v. U.S. E.P.A., Administrator*, 809 F.2d 1 (D.C. Cir. 1986) at the pleading stage. *See* Pls.'s Mot. at 6. However, this argument is improper in a motion to amend a complaint and only highlights why Plaintiffs were required to file a Rule 59(e) motion, in addition to its motion to amend. *See Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993).

First, Plaintiffs argue that they were targeted "because of past work they had done advancing the Fair Housing Act," Pls.' Mot. at 10; but the proposed Amended Complaint fails to allege that the entire Office of Fair Housing, which Plaintiffs themselves describe as being "responsible for enforcing fair housing and civil rights laws," Proposed Am. Compl. ¶ 3, was shuttered. If the entire office did the same work as Plaintiffs, and the office continued to do the same work after Plaintiffs were transferred, then it is unclear how any of the new facts Plaintiffs provide gets them any further in establishing causation. *See Abulhawa v. United States Dep't of the Treasury*, 239 F. Supp. 3d 24, 33 (D.D.C. 2017) ("Plaintiffs cannot establish a causal link between an alleged injury and the challenged conduct.") (citation modified).

Second, Plaintiffs' "new" factual support comes in the form of ambiguous statements that are of the same ilk as the statements Plaintiffs provided in their original Complaint, which the Court found to "merely characterize the agency's actions as retaliatory; [and did] do not provide a factual basis from which retaliatory motive can reasonably be inferred." *Heenan I*, 2026 WL 2906408 (D.D.C.), at *12. For example, in their Amended Complaint, Plaintiffs point to statements by Assistant Secretary Craig Trainor, whom Plaintiffs allege "oversees the Fair Housing and Equal Opportunity (FHEO) office within HUD." Pls.' Mot. at 6. But, instead of providing a "factual basis from which retaliatory motive can reasonably be inferred," *Heenan I*, 2026 WL 2906408 (D.D.C.), at *12; Plaintiffs provide a set of fragmented quotes, which they mischaracterize as evidence of "retaliatory motive." Plaintiffs fail to allege the statements were directed at the individual Plaintiffs specifically or even at OFH more broadly. Plaintiffs also fail to allege that the individual making the statement had any involvement in their transfers.[2] At best, these quotes are "stray comments

---

[2] Assistant Secretary Craig Trainor was confirmed to his position on October 7, 2025, months after Plaintiffs reassignments were proposed. See https://www.congress.gov/nomination/119th-congress/25/55 (Last reviewed Nov. 5, 2026).

lacking 'any temporal or substantive relationship' to the adverse employment action [and] are not evidence of discriminatory intent." *Samuel v. Metro. Police Dep't*, 258 F. Supp. 3d 27, 47 (D.D.C. 2017)(RC) (citing *Wang v. WMATA*, 206 F.Supp.3d 46, 74 (D.D.C. 2016)).

Importantly, Plaintiffs fail to distinguish how the new statements are substantively different from the statements the Court previously found as describing "personnel and resource-allocation decisions made in response to changing administrative priorities." *Heenan I*, 2026 WL 2906408 (D.D.C.), at *12; *Compare* Proposed Am. Compl. ¶ 83 (quoting an OGC official as stating "Fair Housing actually got a significant amount of focus initially,' but it was 'probably not the kind that some of them wanted.'") (citation modified), *with* Compl. ¶ 6 ("Agency officials said more than once that 'fair housing is not a priority of the Administration . . . ."). Plaintiffs' new factual statements continue to "describe personnel and resource-allocation decisions made in response to changing administrative priorities," which the Court has already held does not raise a plausible inference of retaliatory animus. *Heenan I*, 2026 WL 2906408 (D.D.C.), at *12.

For these reasons, the Court should deny Plaintiffs' motion as futile.

## IV. Plaintiffs' Motion to Amend their Complaint Should Be Denied Due to Undue Delay

In this circuit, it is "clear that undue delay is a sufficient reason for denying leave to amend." *Daugherty v. Sheer*, Civ. A. No. 22-5103, 2023 WL 6380539, at *3 (D.C. Cir. Oct. 2, 2023) (citing *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996)). In this case, Plaintiffs do not seek to add factual support that only recently became available to them but seek to add factual allegations that were available before the Court issued its September 28, 2026 Order dismissing this case.

In Plaintiffs' proposed Amended Complaint, they cite comments by Assistant Secretary Trainor as new factual support for their allegations. See Pls.' Mot. at 6. However, based on Plaintiffs' citations within the proposed Amended Complaint, these comments were made between

August 27 – September 2026, weeks before this Court dismissed this action. Proposed Am. Compl. at 27 n.7-8. Hence, because Plaintiffs' alleged new materials were available to Plaintiffs prior to the Court's entry of judgment; therefore, the Court should deny Plaintiffs' request to belatedly add previously existing factual allegations.

* * *

**CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motion to File a First Amended Complaint.

Dated: November 12, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *<u>/s/ Derrick A. Petit</u>*
Derrick A. Petit, D.C. Bar No. 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PALMER HEENAN, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et. al.,<br><br>Defendants. | Civil Action No. 25-3343 (RC) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's Motion for Leave to file a Second Amended Complaint (ECF No. 18), and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is DENIED.

SO ORDERED:

__________________
Date

_____________________________________
RUDOLPH CONTRERAS
United States District Judge